Judge Mills
delivered the opinion
Tins is a» action on the cast, hr>ught by the appellees agait si the appellant, to subject him to damages on account of tile death of a ergro lured or pledged to the appellant, through harsh treatment and neglect. The errors assigned question the decision of that court in refusing to grant a new trial, because the verdict was against law and evidence. The evidence is in part circumstantial, and some* what contradictor!; hut without reciting the facts, we concur with the court below in not disturbing the verdict, after a jury bad passed upo» the facts, whose peculiar province it is to determine the weight of such evidence; and we discover no principle of law which opposes the recovery, if the jury were satisfied.
But during the progress of the trial, some questions are made to the admissibility of evidence, which will be noticed *n or<^er- The appellants offered as evidence, on the trial, the deposition of a witness who was unable to attend, taken de bene esse, because there had been no order of court dedimus issued bv the clerk, or affidavit made of the ma-teriahty of the witness, previous to taking the deposition. the court overruled the objection, and the question is now presented for our decisioo.
The only order ot. court, usual iu such cases, is, an or-dergranting a dedimus potestatem in a court of common iaw. The practice which appears to have grown up among clerks of making orders granting leave to take such depositions, in a suit at common law, must have arisen from blending the leave granted in chancery suits, after the first commission had expired, with proceedings at common law, where, in strictness, the only order is, that directing the dedimus. Such dedimus is rendered wholly unnecessary as to depositions taken in this state, by the second section of the act of assembly, entitled “an act respecting depositions,” 4 Litt. 337. That section provides, “That a dedimus potestatem, issuing from the court authorising the taking of such deposition or depositions, shall not be necessary; but ail justices of the peace of this commonwealth, in virtue of their office, are hereby invested with full power and authority to take such deposition or depositions, any law, usage, or cus* tom ta the contrary notwithstanding.”
. An enquiry ^ »¡o,.o/n' cliarac.er of a wimess is P10,,?r' Th* stnaldnotbe iestrir.ee u> °s ^veracity whenonoath.
As the dedimus is expressly dispensed with by this act, it follows that the order granting it is wholly unnecessary. The deposition was therefore properly admitted.
In the progress of the cause, the appellant’s counsel asked one of the witnesses, “what was the general moral character of another witness, who had deposed in i'avorof the appeílees.” The opposite counsel objected to the question as improper; and the court sustained the objection, and decided that the proper enquiry was as to the witness’s general character with regard to truth, ar.d not the general moral character. This decision was excepted to, and its propriety is now to be considered.
The occurrence of this question*, has led the court to ret consider the principle recognised by lias court, in the case of Mobly vs. Hamit, 1 Marsh. 591, which anpears to accord with the opinion of the court below. (That a party litigant lias a right to impeach the witness of his adversary, by proving bis general character bad, is a principle recited in every treatise of evidence, and is disputed by no lawyer, But w bether the enquiry shall be confined exclusively to the general character of the witness for veracity or falsehood, or may be extended to the general moral character, is a question on which authorities shed far less light than might be expected,) We have therefore had to appeal to reason as the surest guide to conduct us on this point. Every person, conversant with human nature, must be sensible of the kindred nature of the vices to which it is addicted. So true is this, that to ascertain the existence of one vice, of a particular character, is frequently to prove the existence of more at the same time, in the same individual. Add to this, that persons of infamous character may, and do frequently exist, who have formed no character as 1<⅞ their lack of truth; and society may have never had the opportunity of ascertaining that they are false in their words or oaths. At the same time they may be notoriously guilty of acting falsehood, in frauds, forgeries, and other crimes, as would leave no doubt of their being capable of speaking and swearing it, especially as they may frequently depose falsehood with greater security against detection, than practise those other vices. In such cases, and with such characters, ought the jury to be precluded from drawing inferences unfavorable to their truth as witnesses, by excluding their general turpitude? ( By the character of every individual, that is, by tile estimation in which he is held in *262 the society or neighborhood, where he is conversant, bis word and liis oath is estimated. j¡ (hat is free from imputation, Itis testimony weighs well. It it is sullied, in tae same proportion Ins word will be doubted. We couceive it perfectly safe, and most conducive to tbe purposes of jus* tice, lo trust the jury with a full knowledge of the standing of a witness, into whose character an enquiry is made./ It will not thence follow, that from minor vices, they vvilf draw 1 he conclusion, in every instance, that his oath must be discredited, but only be put on their guard to scrutinize bis statements more strictly, while in cases of vile repula* lion, in other respects, they would be warranted in disbe* lieving him, though he had never been called so often to the book as lo fix upon him the reputation of a liar, when pn oath. These, with other reasons which might be given, induces us to depart, in some measure from the decision above quoted, ere it ripens into precedent. Although tbe question then decided to be proper, on such occasions, to be pu! to tbe witness, we still approve; yet we are unwilling to say that it shall be tbe only admissible enquiry.
(ficklijfe for plaintiff, Talbot far defendant.
The decision of the court below in excluding an enquiry into the general moral character of the witness, is therefore deemed erroneous, and the judgment must, for this cause, be reversed with costs, and the cause remanded for new proceedings accordant with this opinion.